BUCKLEY FUNERAL HOMES, INC., Plaintiff, v. CITY OF NEW YORK et al., Defendants.

Supreme Court, New York County, December 30, 1948.

ACTION for declaratory judgment.

*George Goodstein* and *Louis Susman* for plaintiff.

*John P. McGrath, Corporation Counsel* (*Isaac C. Donner* and *Morris L. Heath* of counsel), for defendants.

CHARLES C. LOCKWOOD, Official Referee. This is an action for a declaratory judgment, brought pursuant to section N41–10.0 of the Administrative Code of the City of New York, to review a sales tax assessment levied against the plaintiff in the sum of $307.57.

The only question presented is whether, under the city sales tax law, the furnishing of automobiles by an auto renting company to a funeral director for use at a funeral conducted by him is a taxable " sale ".

The evidence shows that the general practice followed by funeral directors is to order, from an auto renting agency, as many cars as are required by the family of the deceased to

transport those attending the funeral. The autos are owned by the renting agency and operated by its employees. The charge for such rental is fixed by the renting agency and paid to it by the funeral director, less a discount of 10% with an additional 10% discount if payment is made within thirty days. The funeral director collects from its client the full charge for such rental, together with the other items that constitute the funeral bill.

The plaintiff funeral director contends that the transaction by which the renting agency furnishes such autos is not a taxable sale to the funeral director, but that it acts only as an agent for its clients in arranging for such transportation as the clients desire in connection with the funeral. The plaintiff urges also that the transaction, if a sale at all, was for purpose of resale to its clients, and therefore not taxable. The latter point was not pressed by the plaintiff, apparently because this theory is not alleged in the complaint. Moreover, it is not consistent with plaintiff's main argument, as expressed by its prayer for relief — '' That the said transactions are a transportation service furnished to the client of the funeral director through the agency of the said funeral director and are not furnished directly to the said funeral director for use or consumption in the rendition of services to said clients ''.

The city argues that the transaction in question is a taxable retail sale, under subdivision 5 of section N41-1.0 of the Administrative Code, defining a sale as: '' Any transfer of * * * possession * * * license to use * * * conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor ''.

The evidence shows that, following the general practice, in the transactions involved in this suit, the funeral director asked his client how many cars would be required at the funeral. The funeral director then ordered the necessary number of cars from the auto agency. The client did not know where the cars were obtained, and had no contract whatever with the renting company. The seating list and arrangement of cars in the funeral procession were indicated by the client on cards supplied by the funeral director. He then made up the funeral procession in accordance witht the client's wishes. There is no dispute that the funeral procession was under the direction and control of the funeral director.

The client knows nothing about the discounts obtained by the funeral director from the renting agency. The plaintiff's president testified, '' I don't think that is any of their business.''

The preponderance of evidence negatives the contention that the funeral director acts only as an agent in the hiring of autos by its clients from the renting agency.

This record shows that the cars used at funerals to transport those attending are facilities supplied by the funeral director to its clients as part of a complete funeral service. The rental of such cars by the funeral director is a taxable sale, as is the rental of floral decorations for use in connection with a funeral, the taxability of which is not questioned.

Under the definitions of " sale " contained in the statute the transactions under review may not be deemed the rendition of services, as contended by plaintiff. Therefore the cases cited by plaintiff on this point are inapplicable.

*Matter of Holmes Elec. Protective Co.* v. *McGoldrick* (262 App. Div. 514, affd. 288 N. Y. 635) held merely that the city utility tax on telephone and telegraph service was not applicable to an electric protective service.

*Dun & Bradstreet, Inc.* v. *City of New York* (276 N. Y. 198) held that confidential credit information furnished by the plaintiff to its subscribers was not subject to city sales tax.

*Booth* v. *City of New York* (268 App. Div. 502, affd. 296 N. Y. 573) excluded from city sales tax the sale of minutes by court reporters.

In *Howitt* v. *Street & Smith Publications* (276 N. Y. 345) the sale by an artist of the right to reproduce his paintings was held not taxable.

The cases cited by plaintiff involving the liability of a funeral director for negligence of drivers of hired cars have no application to the dispute here.

The plaintiff's business is to arrange and conduct a complete funeral service, including the transportation of the participants. Plaintiff is not in the automobile renting business, but must rent cars from an auto renting agency in order to supply the complete service for which plaintiff is hired by its clients.

The cars are engaged by plaintiff from the renting agency, and plaintiff pays for such rental, less the discounts to the renting agency.

In this case the plaintiff has the burden of establishing that the transaction in question is not taxable (Administrative Code, § N41–2.0, Schedule A, subd. i). It has failed to sustain such burden.

Judgment for defendant, dismissing the complaint.