HOLMES ELECTRIC PROTECTIVE COMPANY, Appellant, *v.* CITY OF NEW YORK et al., Respondents.

Argued March 5, 1952; decided June 5, 1952.

*Frank A. Fritz, Arthur P. West* and *Joseph B. Diamond* for appellant. I. The utility tax laws were and are inapplicable to plaintiff and to the receipts derived from its business since it is neither a utility nor does it sell utility services within the meaning of the utility tax law. (Local Laws, 1933, No. 19 of City of New York; *Matter of Holmes Elec. Protective Co.*, 37 P. U. R. [N. S.] 49; *Matter of Holmes Elec. Protective Co. v. McGoldrick*, 262 App. Div. 514, 288 N. Y. 635; *Matter of United Parcel Service of N. Y. v. Joseph*, 272 App. Div. 194, 297 N. Y. 1004.) II. The utility tax laws were designed to tax only utilities and sales of utility services. The courts have uniformly rejected all efforts to impose taxes thereunder on receipts derived from the sale of nonutility services. (*Matter of Holmes Elec. Protective Co. v. McGoldrick*, 262 App. Div. 514, 288 N. Y. 635; *Holmes Elec. Protective Co. v. Williams*, 228 N. Y. 407; *Matter of United Parcel Service of N. Y. v. Joseph*, 272 App. Div. 194, 297 N. Y. 1004; *Matter of 320 W. 37th St. v. McGoldrick*, 281 N. Y. 132; *Matter of 339 Central Park West v. Graves*, 284 N. Y. 691; *Matter of 436 W. 34th St. Corp. v. McGoldrick*, 288 N. Y. 346; *Empire City Subway Co. v. City of New York*, 168 Misc. 775.) III. The 1938 amendment of the city's utility tax law, adding the definition of '' telegraphic service '', does not lessen the controlling effect of the decision of the courts in the prior *Holmes* case (262 App. Div. 514, affd. 288 N. Y. 635), nor subject plaintiff's receipts from its protective service to the utility tax. (*People v. Ryan*, 274 N. Y. 149; *President & Directors of Manhattan Co. v. Kaldenberg*, 165 N. Y. 1; *Howitt v. Street & Smith Publications*, 276 N. Y. 345; *Matter of 339 Central Park West v. Graves*, 260 App.

Div. 265, 284 N. Y. 691; *Matter of United Parcel Service of N. Y.* v. *Joseph*, 272 App. Div. 194, 297 N. Y. 1004.) IV. The 1938 amendment consisting of the definition of "telegraphic service" is at best obscure and ambiguous and must therefore be construed in favor of plaintiff. (*Matter of Brooklyn Union Gas Co.* v. *McGoldrick*, 270 App. Div. 186, 298 N. Y. 536.) V. The definition of "telegraphic service" added to the utility tax laws for the period beginning July 1, 1938, as construed by the City of New York and the courts below, is beyond the power of the city to enact under enabling legislation. The city's power with respect to utility taxation is limited to the tax base specified in section 186-a of the Tax Law. Such base does not include receipts from plaintiff's protective service. (*Matter of Kesbec, Inc.,* v. *McGoldrick*, 278 N. Y. 293; *Matter of Brooklyn Union Gas Co.* v. *McGoldrick*, 270 App. Div. 186, 298 N. Y. 536; *Williamsburgh Power Plant Corp.* v. *City of New York*, 255 App. Div. 214, 280 N. Y. 551; *Matter of 339 Central Park West* v. *Graves*, 260 App. Div. 265, 284 N. Y. 691.) VI. The application of the utility tax laws to plaintiff is unconstitutional as discriminatory. (*Matter of 436 W. 34th St. Corp.* v. *McGoldrick*, 288 N. Y. 346; *Matter of Merchants Refrig. Co.* v. *Taylor*, 275 N. Y. 113; *Matter of United Parcel Service of N. Y.* v. *Joseph*, 272 App. Div. 194, 297 N. Y. 1004; *Matter of 320 W. 37th St.* v. *McGoldrick*, 281 N. Y. 132.)

*Denis M. Hurley, Corporation Counsel* (*Morris L. Heath* and *Stanley Buchsbaum* of counsel), for respondents. I. The 1938 amendment to the New York City utility tax law made the tax applicable to plaintiff with respect to its central station service. II. The situation which existed at the time of the 1938 amendment clearly indicates that it was intended to cover plaintiff. (*Holmes Elec. Protective Co.* v. *Williams*, 228 N. Y. 407; *St. Nicholas Cathedral* v. *Kedroff*, 302 N. Y. 1; *Empire City Subway Co.* v. *City of New York*, 168 Misc. 775.) III. Imposition of the tax on plaintiff is consistent with the pattern of the tax. (*Matter of Merchants Refrig. Co.* v. *Taylor*, 275 N. Y. 113; *Matter of 436 W. 34th St. Corp.* v. *McGoldrick*, 288 N. Y. 346; *Holmes Elec. Protective Co.* v. *Williams*, 228 N. Y. 407; *Pooley* v. *City of Buffalo*, 122 N. Y. 592; *Matter of Zinn*, 185 Misc. 604; *Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Sacharoff* v. *Corsi*,

294 N. Y. 305.) IV. The Legislature has granted the city the power to impose the tax. (*New York Steam Corp.* v. *City of New York,* 268 N. Y. 137; *Matter of Chatlos* v. *McGoldrick,* 302 N. Y. 380; *Matter of United Parcel Service of N. Y.* v. *Joseph,* 272 App. Div. 194, 297 N. Y. 1004.) V. The application to plaintiff of a tax which is also applicable to utilities and other quasi-utilities does not deny it the equal protection of the laws. (*Rapid Transit Corp.* v. *New York,* 303 U. S. 573; *Madden* v. *Kentucky,* 309 U. S. 83; *Matter of Merchants Refrig. Co.* v. *McGoldrick,* 275 N. Y. 113; *Matter of 436 W. 34th St. Corp.* v. *McGoldrick,* 288 N. Y. 346; *Holmes Elec. Protective Co.* v. *Williams,* 228 N. Y. 407; *Ghee* v. *Northern Union Gas Co.,* 158 N. Y. 510; *People ex rel. West Side Elec. Co.* v. *Consolidated Tel. & Elec. Subway Co.,* 187 N. Y. 58; *Blanshard* v. *City of New York,* 262 N. Y. 5; *Oklahoma Tax Comm'n.* v. *U. S.,* 319 U. S. 598; *Matter of Owl Protective Co.* v. *Public Service Comm.,* 254 App. Div. 600.)

LOUGHRAN, Ch. J. The plaintiff company conducts in the city of New York a business through which it safeguards buildings in that city against burglary or other unlawful entry (see Penal Law, art. 38). To that end, the company installs in every building committed to its protection a combination of electric devices whereby, in the event of a wrongful breaking or entry, an alarm is mechanically transmitted by wire to one of the company's offices from which guards in its own employ or city police are thereupon notified to go to the site of the disturbance.

The defendants — the City of New York and officers charged with the enforcement of its utility tax laws — characterize the plaintiff as a utility engaged in furnishing or selling telegraph service and on the basis of that classification the city has collected taxes upon the gross operating income which the company gets from its above-mentioned protective business. In this action, the company demands a judgment (1) declaring such taxes to be illegal, null and void, and (2) directing refund of payments thereof that were made by it under protest.

The complaint was dismissed by the court at Special Term. The Appellate Division affirmed the judgment of dismissal, one Justice dissenting, and the plaintiff then appealed to us from the judgment that was entered upon the order of the Appellate Division.

In 1942, we affirmed a decision of that court whereby the business then carried on by the plaintiff company in the city of New York was declared not to be the sale of electric telephone or telegraph service, within the meaning of the utility tax laws which at that time were in force in that city (*Matter of Holmes Elec. Protective Co.* v. *McGoldrick,* 288 N. Y. 635). The business now conducted by the company in the city of New York is in no wise different from the business which it was conducting in that city when this court decided *Matter of Holmes Elec. Protective Co.* v. *McGoldrick (supra)*. Hence the judgment here demanded by the company is required by the cited case, unless a contrary determination is now called for by a definition of the phrase " telegraphic service " which became part of the utility tax laws of the city of New York in 1938, after commencement of the litigation which this court resolved in the cited case.

The 1938 definition of " telegraphic service " is in text as follows: " 8. The term ' telegraphic service ' shall include any service requiring the use of electric or telegraph wires, equipment or device, instruments or any other means employed or employable in the transmission of messages, signals, alarms, notices, news, pictures, music or information of any kind." (Local Laws, 1938, No. 22 of City of New York; Administrative Code of City of New York, § Q41-1.0.) But that 1938 definition cannot now be taken to have altered the significance which in 1942 this court assigned to the phrase " telegraph service ", when we adjudged that the then business of the company was service of a different character. For no claim has been made of the occurrence of any change in the service supplied by the company after 1942 when it was not engaged in the sale of " telegraph service ", as we decided in *Matter of Holmes Elec. Protective Co.* v. *McGoldrick (supra)*.

Perhaps it should be added that the power of a city to tax utilities is limited by section 186-a of the Tax Law (see, too, General City Law, § 20-b; *Matter of Brooklyn Union Gas Co.* v. *Joseph,* 298 N. Y. 536). The City of New York, of course, was and is bound by section 186-a. No definition of " telegraphic service " is to be found therein. Nor was this omission inadvertent. Indeed in 1942, the Legislature was requested to include in the State Tax Law and in the State General City Law the above definition of " telegraphic service " which since

1938 has been part of the New York City utility tax laws that are here in question (see 1942 Assem. Pr. No. 688, Int. No. 654; 1942 Assem. Pr. Nos. 2539, 2614, 2633, Int. No. 2054; and Sen. Pr. No. 621, Int. No. 550, of Senate bills of the same year). These items of legislative history indicate an unwillingness of the legislators of the State to adventure themselves with the New York City definition of " telegraphic service " which that city has heretofore pressed upon them — a fact that seems to us to be significant (see McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 124; *Woollcott* v. *Shubert,* 217 N. Y. 212, 221; *Travis* v. *American Cities Co.,* 192 App. Div. 16, 27).

In short, the power of the city to tax utilities was not enlarged when it adopted its own definition of " telegraphic service ".

The judgment of the Appellate Division and that of Special Term should be reversed, with costs in all courts, and the case remitted to Special Term for further proceedings not inconsistent with this opinion.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.