AMERICAN LOCKER COMPANY, INC., Appellant, *v.* CITY OF NEW YORK et al., Respondents.

Orders and judgment appealed from affirmed.

DORE, J. (dissenting). In the motion papers both sides agreed that there was no factual dispute and that the question before the court was solely one of law; viz., whether the receipts from plaintiff's lockers are subject to the tax imposed on the "sale" of tangible personal property by the New York City local laws imposing a sales tax.

The city relies upon *Buckley Funeral Homes* v. *City of New York* (199 Misc. 195, affd. 277 App. Div. 1096) and *Matter of United Artists Corp.* v. *Taylor* (273 N. Y. 334) as in point and entirely dispositive of the issue. But those cases are clearly distinguishable. In both cases actual *physical possession of*

*the property* was transferred and remained under the control of the licensee for a specified period. (Italics mine.) In the case at bar, neither possession nor control of the locker is transferred to the patron. The lockers are found open and a patron may deposit his belongings therein without making any payment whatsoever. Payment is made when the locker door is locked; once the door has been locked, the patron merely has the right to open it *once;* if he were immediately to reopen the door to put something else in or take something out, he cannot again lock the door without inserting another coin. Contrary to the statement in the city's brief that the patron obtains the license to use a locker for twenty-four hours, a patron, on the deposit of the coin, may obtain a license to use it for his purposes only for a few seconds. If the transaction were a " sale " of a license to use the locker for a period of twenty-four hours, then a patron would have the privilege of opening and closing the door as many times as he wished during the twenty-four-hour period; that is " possession "; but that is not here the case.

The evidence indicates that plaintiff employs a number of servicemen and porters whose duty it is to inspect the lockers daily. Where it is found that a patron has not locked the door of his locker or that he has overstayed the twenty-four-hour period, the contents of the locker are removed and taken to the hand-check room by plaintiff's employees, where they are retrieved by the patron when called for. Where it becomes necessary to open a locker for repairs or other reasons, the contents are also removed to the hand-check room.

When the transactions in question are considered in the light of the evidence, it clearly appears that the lockers are nothing more than an extension of the service offered in the checking room. They afford patrons a quick and easy safe storage service. When a patron uses plaintiff's lockers he does not buy a license to use it, but merely pays for a service.

In *Holmes Elec. Protective Co.* v. *City of New York.* (304 N. Y. 202), the Court of Appeals unanimously reversed this court which had erroneously held that a local utility tax was applicable to a company selling nonutility service, namely protection against unlawful entry and burglary. Similarly in this case I think the majority are erroneously enforcing a sales tax on a transaction that does not involve a sale of tangible personal property or possession of tangible personal property in connection with a license to use the same.

Firmly and clearly established in the law of taxation is the rule that should be now an axiom, rooted as it is in repeated rulings of appellate courts and also rooted in reason, that taxing statutes are to be construed most strongly against the government and in favor of the taxpayer (*Matter of Holmes Elec. Protective Co.* v. *McGoldrick,* 262 App. Div. 514, affd. 288 N. Y. 635; *Matter of Brooklyn Union Gas Co.* v. *McGoldrick,* 270 App. Div. 186, 195, affd. 298 N. Y. 536; *People ex rel. Mutual Trust Co.* v. *Miller,* 177 N. Y. 51; *Matter of Good Humor Corp.* v. *McGoldrick,* 289 N. Y. 452; *Gould* v. *Gould,* 245 U. S. 151, 153; *Matter of Vanderbilt,* 281 N. Y. 297, 313). In *Dun & Bradstreet* v. *City of New York* (276 N. Y. 198), the Court of Appeals reversing this court, unanimously said at page 205: " Certainly it cannot be successfully contended that the local law clearly and undoubtedly makes appellant subject to a tax. This court, referring to a tax law in *McLean* v. *Jephson* (123 N. Y. 142, 147), said: ' It would be contrary to the traditions of our people, as well as to principles of justice and law, to permit the liberty of the citizen to be jeopardized by a strained and doubtful construction of the statutes.' "

In *Gould* v. *Gould* (*supra*) the United States Supreme Court, in a unanimous opinion by McReynolds, J., said at page 153: " In the interpretation of

statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen. *United States* v. *Wigglesworth*, 2 Story, 369; *American Net & Twine Co.* v. *Worthington*, 141 U. S. 468, 474; *Benziger* v. *United States*, 192 U. S. 38, 55."

In *Matter of Vanderbilt* (*supra*), also involving a tax statute, the Court of Appeals unanimously held at page 313: "Tax statutes '*in case of doubt* * * * are construed most strongly against the Government, and in favor of the citizen.'"

In the case before us, at least it should be admitted that the local law here in question does not clearly and undoubtedly make appellant subject to the sales tax.

Accordingly on the ground that the transactions in question sought to be taxed were not "sales" within the meaning of the local law but were services for the safe storage of personal property, and at least on the ground that the local law in question does not clearly and undoubtedly apply to appellant who should accrue the benefit of any doubt, I dissent and vote (1) to reverse the order and judgment appealed from dismissing the complaint and the order of May 20, 1953, denying plaintiff's cross motion for summary judgment, and (2) to grant summary judgment in plaintiff's favor with costs in favor of plaintiff-appellant.

Peck, P. J., Cohn, Bastow and Botein concur in decision; Dore, J., dissents and votes to reverse, in opinion.

Order and judgment affirmed, with costs.