In the Matter of NEW YORK AUTOMATIC CANTEEN CORP., Petitioner, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

First Department, June 25, 1959.

*John Costelloe* of counsel (*James K. Crimmins* and *Richard W. Collins* with him on the brief; *Chadbourne, Parke, Whiteside & Wolff,* attorneys), for petitioner.

*Morris L. Heath* of counsel (*Stanley Buchsbaum* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondent.

M. M. FRANK, J.   In this proceeding under article 78 of the Civil Practice Act, the petitioner (referred to herein as Canteen) seeks a review of the final determination of the Comptroller of the City of New York, denying, after a statutory hearing, the petitioner's claim for a refund of New York City sales taxes for the year 1948, in the amount of $11,117.92.

The petitioner, a New York corporation, in 1948 was engaged in the business of selling candy, gum, crackers and nuts, at retail, through automatic vending machines at prices not exceeding 5 cents.   These machines were placed in offices, factories, hospitals, schools, and other locations where purchasers bought items stocked in them for either 1 cent or 5 cents, by inserting the appropriate coin and receiving for it a stick of chewing gum, a candy bar or some other item.   The machines were not equipped to return change.   The petitioner did not charge or collect sales taxes on its merchandise so dispensed.   Nevertheless, it did pay the New York City gross receipts tax on its 1948 sales.

During 1948 the sales tax in effect was 2%* (Administrative Code of City of New York, § N41, as amd. by Local Laws, 1946, No. 17).   Section N41-3.0 provided that the Comptroller, by regulation, prescribe a method or schedules of the amounts to be collected from purchasers in respect to any receipt, so as to eliminate fractions of 1 cent.   '' Such schedule or schedules may provide that no tax need be collected from the purchaser upon receipts below a stated sum   *   *   *   The Comptroller by regulation may provide for the collection of the tax hereby imposed by the use of stamps or metering machines.''

Pursuant to the statutory mandate, the Comptroller adopted a regulation (Rules & Reg. of N. Y. City Agencies, art. 4) containing schedules requiring the collection of 1 cent for purchases

---

* On a sale of a one-cent item through a vending machine, the tax rate would therefore be $.0002 or .2 of a mill.   On a sale of a five-cent item, the sales tax on that rate would be $.001 or 1 mill.

of 17 cents to 66 cents, and 2 cents on purchases from 67 cents to $1.16. Admittedly, the Comptroller never authorized the use of stamps or meters, and Canteen concedes that its sales would be taxable under this alternative method. But article 4 did provide: " The schedule hereinabove prescribed shall not be deemed to exempt any vendor from the payment of the tax to the treasurer on receipts from sales tax on 16 cents or less and every vendor must pay to the treasurer the total tax due, but in no event may the tax due be less than two (2) percentum of the amount of such vendor's taxable sales, including sales of 16 cents or less."

The nub of the dispute involves the imposition and collection of the tax under the so-called " below minimum "[*] provision of the sales tax law and the Comptroller's regulations promulgated pursuant thereto. Canteen predicates its right to a refund on several grounds. It urges that the sales tax it was compelled to pay is virtually a duplication of the gross receipts tax imposed upon it by the General City Law (art. 2 B). A similar contention was rejected by this court in *American Locker Co.* v. *City of New York* (283 App. Div. 924, revd. on other grounds 308 N. Y. 264).

Discrimination, although constitutionally prohibited, exists in the tax levied, says Canteen, because there is a mathematical probability that its competitors, who sell products in the same price range, may not be required to pay as much in taxes as the petitioner on the same total of sales. There is no merit to the argument, for the tax applies equally to all vendors and is not discriminatory.

The validity of the provisions of the law in respect to below minimum sales has been sustained (*Queens Vending Corp.* v. *City of New York,* 16 Misc 2d 968, affd. 246 App. Div. 594, cited with approval in *Matter of Atlas Tel. Co.,* 273 N. Y. 51, 57). *Queens Vending* held that a sales tax on 1-cent gum was neither unconstitutional nor discriminatory, although the petitioner lacked the same opportunity to impose its tax burden upon its customers as did its competitors.

Upon analysis, it is clear that Canteen's grievance actually is not so much that the law discriminates against it, as that other vendors, who makes sales above as well as below minimum, are more easily able to pass the tax on to their vendees. That merchandising problem, however, does not deprive Canteen of the equal protection of the tax law (see *Rapid Tr. Corp.* v. *New York,* 303 U. S. 573).

---

[*] The term "below minimum" commonly refers to sales of merchandise at 16 cents or less.

The petitioner strenuously argues that the law under consideration precludes the imposition of responsibility for taxes it cannot collect, and equates its liability with the purchaser's obligation to pay the tax levied. Relying on that premise, Canteen stresses the statement of the Court of Appeals in *Matter of Grant Co.* v. *Joseph* (2 N Y 2d 196, 203, opinion per FULD, J.) that the tax "shall be paid by the purchaser to the vendor as trustee for and on account of the city, and *the vendor shall be liable for the collection thereof and for the tax.*" However, the quotation does not reflect the full import of the decision. A reading of the entire opinion clearly indicates that it completely sanctions the conclusion reached by the majority in this case. For example, Judge FULD, speaking for the court, also said that the sales tax law "imposes upon the vendor the obligation of a taxpayer in addition to that of a collecting trustee", and "the tax is thus levied not alone on the purchaser but on the vendor as well".

The vital point in *Grant*, as it applies here, becomes evident in the conclusion of the Court of Appeals that the vendor is under a duty to pay the tax whether collected from the purchaser or not. In reaching that conclusion, it expressly rejected *Grant's* contention that the vendor was not accountable to the city for the precise amount collectible from its customers on individual sales, so long as it discharged its collection function with reasonable diligence.

It would be a distortion of the purpose of the below minimum provision of the tax law to conclude that it eliminates the payment of all sales taxes by the vendor, not collected from vendees. Because the Comptroller was given the power to permit the vendor to waive the collection of the tax from purchasers on below minimum sales, and thus absorb it, it does not follow that included therein is the power to grant complete exemption to a vendor from liability for the tax.

The Comptroller's regulation (art. 4), is, in all respects, reasonable and valid, especially since any attempt to collect a tax of less than one penny on individual sales presents manifold problems. Therefore, if the vendor deems it best, in the proper management of its enterprise, not to collect the tax, it cannot avoid liability for payment. The tax is imposed on sales regardless of amount and in that respect the petitioner is burdened with the same responsibility as every other vendor whether it acts as a trustee for the city in collecting the tax or assumes it entirely.

In disposing of the problem before us, it is quite appropriate to advert to *Matter of Atlas Tel. Co.* (273 N. Y. 51, 57, *supra*).

While that case was concerned with a situation not germane here, the Court of Appeals aptly stated, "The duty of payment *to the City* is laid upon the vendor, not the purchaser. His liability is not measured by the amount actually collected from the purchaser but by the receipts required to be included in such return. * * * He must pay the tax even if failure to collect is due to no fault of his own." It is indeed significant that Judge LEHMAN, writing for a unanimous court, placed the stamp of approval upon the contention of the city that the vendor was liable for the tax even where the regulations provided that "no tax need be collected from the purchaser". That is precisely the situation presented in this case.

Under the circumstances, the determination of the Comptroller should be confirmed on the law, with costs.

VALENTE, J. (dissenting). As I view the city sales tax law, the vendor's liability for taxes is limited to the tax collected or required to be collected. The law did not contemplate the imposition of a greater tax on the vendor than the vendor was *required* to collect from the purchaser. (See Administrative Code of City of New York, § N41–2.0, subd. e.)

In *Matter of Grant Co.* v. *Joseph* (2 N Y 2d 196, 204) the court per FULD, J., said: "It is clear that the section imposing a tax of 2% ' upon * * * receipts from every sale ' (Administrative Code, § N41–2.0) must be read together with the section authorizing the comptroller to prescribe schedules of the amounts to be collected from purchasers so as to eliminate fractions of one cent (§ N41–3.0). Since it is specified that ' the vendor shall be liable for the collection ' of the tax to be paid by the purchaser ' and for the tax ' (§ N41–2.0, subd. e), the necessary effect is to equate the vendor's liability as a taxpayer with the purchaser's obligation to pay the tax required to be collected. It would be anomalous indeed if the statute were to be read as imposing a higher tax on the purchaser than on the vendor. The liability of the latter is obviously to pay the tax required to be collected from the purchaser (Administrative Code, § 41–2.0, subd. e, as amd.), and it was manifestly contemplated and intended that the amount of the tax on the several individual sales was to be identical so far as both the purchaser and the vendor were concerned. (*See Matter of Fifth Ave. Bldg. Co.* v. *Joseph, supra,* 297 N. Y. 278, 283.) "

That language forcefully accentuates the point that the vendor's and purchaser's liability for sales tax are coextensive and must be equated. The Comptroller may not therefore impose a separate liability for the sales tax on the vendor

when the purchaser incurs no liability to pay any tax. Petitioner should not legally be compelled to pay a tax which it did not, and could not, collect from its purchasers.

If such liability is to be imposed, the statute should clearly give that right. As the statutes read in 1948, the sales tax to be "paid by the purchaser to the vendor as trustee for and on account of the city, and the vendor shall be liable for the collection thereof and for the tax." (See Administrative Code, § N 41–2.0, subd. e.) Since the vendor petitioner herein did not collect any tax and the purchaser was not required to pay it, no liability should have been imposed on the vendor for a sales tax.

I therefore dissent, and would annul the determination of the Comptroller and direct a refund.

BOTEIN, P. J., RABIN and STEVENS, JJ., concur with M. M. FRANK, J., VALENTE, J., dissents and votes to annul in opinion.

Determination confirmed and the proceeding dismissed, with $20 costs and disbursements to the respondent.