PHILIP K. HOUSTON, Appellant, *v.* JAMES BLISS COOMBS, Respondent.

First Department, November 2, 1928.

*Woolsey A. Shepard* of counsel [*Ferris, Shepard, Joyce & McCoy*, attorneys], for the appellant.

*Dean Hill Stanley* of counsel [*David A. Buckley, Jr.*, attorney], for the respondent.

FINCH, J. Upon a motion on behalf of the plaintiff to strike out certain affirmative defenses contained in the amended answer, an order of denial was entered except as to the fourth defense, which was consented to. Plaintiff appeals.

The action is by an assignee to recover upon a subscription agreement made by the defendant to a syndicate.

Taking up in order the defenses which the plaintiff alleges do not set forth defenses as matter of law: The third defense, after incorporating the allegations of the first and second defenses, alleged " that the said managers failed within a reasonable time to dispose of defendant's participation in the said syndicate." The substance of the allegations incorporated from the first defense is that, although the amount of the defendant's subscription was $250,000, he entered into the syndicate agreement because of the promise of the syndicate managers that he should not be called upon to pay more than $62,500 on account of this subscription and upon such payment would be released from any balance; that subsequently, pursuant to a call, he paid $31,250 and upon a second call for a like amount the defendant complained to the syndicate managers that the syndicate was being improperly managed,

for which reason defendant contended he was not obliged to make the said further payment, whereupon in consideration of his making the payment and waiving his rights to refuse to pay because of the alleged mismanagement, the said syndicate managers released the defendant from any further liability. The substance of the allegations incorporated from the second defense is that after the defendant made the second payment referred to in the first defense, he refused to make any further payments and the managers exercised an option, which was given them by the syndicate agreement, by excluding the defendant from all interest and participation in the syndicate and forfeiting as liquidated damages the amount the defendant had theretofore paid. Said option, as given to said managers in the syndicate agreement, was either to forfeit the amount already paid and exclude the defendant from all further interest or participation in the syndicate or to sell the defendant's interest, credit the defendant with the amount received therefrom and hold him for damages upon his subscription agreement. This third defense cannot be sustained, since it plainly is an attempt to spell out a partial defense based upon the alleged laches of the plaintiff's assignors in disposing of defendant's participation in the syndicate. A partial defense to be valid must be so named. (Civ. Prac. Act, § 262.) The defendant, moreover, has failed to plead that the defendant, because of the laches, has been damaged. The alleged defense, therefore, is imperfectly pleaded and the motion to strike out should have been granted with leave to plead over. The respondent urges that the allegation of laches in the third defense may be taken as an election by the plaintiff to rely upon the option of forfeiture, rather than to hold the defendant for damages. The difficulty, however, with this contention is that the respondent has alleged such a defense of election by way of a second defense, and, therefore, if the defense should be so construed, it would be bad because a mere repetition of the second defense.

Taking up next the fifth defense, this apparently contains two defenses. In the 1st paragraph the allegation is made that one of the syndicate managers did not join in the assignment to the plaintiff, or, in other words, that there was a defective title. In the syndicate agreement the two managers are referred to, but not as joint managers. The parties having by their agreement appointed two persons together to act as managers both must join in the assignment to give good title unless it appears within the four corners of the agreement that the act of one manager would bind both. As no such intention is manifested both should have joined. As was said by Judge ANDREWS in *Hawley* v. *Keeler*

(53 N. Y. 114, 121): " It is well settled, as a general doctrine in the law of agency, that when an authority to act in a matter of a private nature is conferred by the principal upon more than one person, all must act in the execution of the power. This is the construction which the law puts upon the power following the supposed intention of the parties, and there must, ordinarily, be a joint execution of the agency." The assignment, therefore, made by one of the syndicate managers is not valid. The defense of a defective title is good and the learned Special Term properly refused to strike it out.

The 2d paragraph of this fifth defense alleges that the Cuban-Dominican Sugar Company and the Cuban-Dominican Sugar Corporation, being in the chain of title by assignments to the plaintiff, are foreign corporations and are doing business in this State and that the assignments were made within this State but that neither of the corporations obtained a certificate of authority to do business in this State within the provisions of the General Corporation Law, and, therefore, this action cannot be maintained by the plaintiff as assignee. This defense is invalid for the reason that the suit is upon the subscription agreement made between the subscribers to the syndicate and the syndicate managers, and, therefore, whether the Cuban-Dominican Sugar Company and the Cuban-Dominican Sugar Corporation were authorized to do business in this State or not, is immaterial as a defense. It follows that this portion of the fifth defense should be struck out.

Defenses sixth, seventh, eighth and eleventh, alleging either mismanagement or wrongful acts on the part of the syndicate managers, are invalid. Any acts of mismanagement or other wrongful acts on the part of the syndicate managers constitute no defense to an action against a subscriber for failure to pay his subscription. He may, in company with other subscribers, have damages against the syndicate managers for their wrongful acts, but this is a cause of action against them individually and cannot be set up as a defense to an action against a subscriber for failure to pay his subscription. These defenses, therefore, should be struck out.

The ninth defense alleges that one of the syndicate managers gave little attention to the affairs of the syndicate and did not use his discretion, but followed the instructions of the other manager, and that said delinquent manager further retired as a syndicate manager without the consent of the defendant. This does not constitute a defense to an action to recover upon the subscription agreement of the defendant. If the syndicate has suffered any damage by reason of the acts of the managers, they may be held

accountable for such damages, but the defendant cannot plead it as a defense to an action to recover his subscription.

Taking up the twelfth and thirteenth defenses, it appears that neither of these constitutes a good defense. The twelfth defense alleges that a reorganization plan was submitted and was not approved by a majority. Such an allegation is wholly immaterial, since there might be many reorganization plans submitted and fail of approval, but such fact would constitute no defense to the defendant, so long as no action was taken under a plan which failed of approval. The thirteenth defense alleges that some of those constituting the majority which did approve a plan submitted were actuated by outside and ulterior motives and that if these were eliminated, less than a majority would have approved such plan. Motive under such circumstances obviously is immaterial and has been so often so held as to make no authorities necessary to support this conclusion. Both the defenses twelfth and thirteenth are, therefore, bad.

Taking up the fourteenth defense, this defense in substance alleges that the defendant signed the subscription agreement and that subsequently one of the managers submitted to the subscribers a plan for reorganization and liquidation, which plan did not provide for or authorize the assignment or transfer to the plaintiff's assignor of suits against defaulting subscribers, or for the distribution of stock to any subscribers in default; that the assignment to the Cuban-Dominican Sugar Company of unpaid subscriptions was unauthorized by said plan and unauthorized by a majority of the syndicate subscribers; that the said corporation had full knowledge of the said want of authority to assign said claims and that said assignment was void and of no effect. These allegations constitute no defense, since there is no allegation that the plan submitted was adopted and hence that said plan became effective for any purpose whatsoever. There is, moreover, no allegation in this defense of any assignment having been made under this plan.

The order denying the motion to strike out the aforesaid defenses should be modified by striking out all of said defenses except the 1st paragraph of the fifth defense, with ten dollars costs and disbursements to the appellant, and as so modified affirmed, with leave to serve an amended answer within ten days upon payment of said costs.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Order, so far as appealed from, modified by granting the motion to strike out the defenses numbered third, sixth, seventh, eighth,

ninth, eleventh, twelfth, thirteenth and fourteenth, and all but paragraph numbered " 17 " of the fifth defense, and as so modified affirmed, with ten dollars costs and disbursements to the appellant, with leave to the defendant to serve an amended answer within ten days from service of order upon payment of said costs.