CITY OF JOHNSTOWN, Respondent, *v.* JOHN BURR WELLS and Others, Defendants, Impleaded with MERTON J. LESSER and Others, Appellants.

Third Department, July 6, 1934.

*Fayette E. Moyer* [*Sydney G. Rosenthal* of counsel], for the appellants.

*Alfred D. Dennison,* for the respondent.

McNAMEE, J. The facts in this action are stipulated, and will be referred to here only in so far as necessary for the determination of this appeal. The city of Johnstown effected three separate public street improvements in 1921, 1925 and 1929, respectively, and assessed the cost thereof on the abutting lands. The taxes became liens, by the terms of the city charter, on the real estate affected, and were not paid in full after demand, and parts of the lands in question changed ownership and became incumbered by mortgages subsequent to the first levy. There was no reassessment of these unpaid taxes, nor has there been any sale therefor, and no common-law action was brought for the recovery of the amounts due. The city resorted to none of the provisions contained in its charter to enforce payment.

This action was brought to foreclose the liens given by the city charter, and for a sale of the premises. A decision was filed, and a judgment was entered adjudging the amounts due, that the taxes imposed were liens on the premises, that the land as now divided be sold at public auction, in the inverse order of alienation, and that these appellants and other defendants be forever barred of all title, right or claim to the lands in question.

The only question that need be decided here is whether the plaintiff city may maintain this action, under its charter and on the facts presented.

By the charter of the city of Johnstown (Laws of 1905, chap. 593) the city is given power to resort to various methods and proceedings to insure the collection of its taxes. By section 112 of that act all of the provisions for the collection of the regular city and county taxes are made applicable to the collection of all special taxes for local improvements; by section 103 the city may reassess on the assessment roll of the following year taxes not paid at a prescribed time; by section 97 the chamberlain is required to issue his warrant to any approved policeman of the city, commanding him to levy the amount due by the distress and sale of goods in the possession of the delinquent taxpayer; by section 106 the chamberlain is required to make collection, when taxes remain unpaid for a specified time, and for that purpose to sell at public auction the

real estate affected by the tax; and by section 111 there is given to the chamberlain authority to bring an action in his name of office in any court of competent jurisdiction, to collect the tax, " in the same manner as other civil actions." It is thus seen that by the terms of its charter the city of Johnstown is provided with the methods and proceedings for the collection of taxes that are usually found in city charters. But the city resorted to none of these, but instead brought an action in equity, of foreclosure and sale, for the collection of the taxes due.

A city is without power except that conferred by statute, and such as is necessarily implied. The levy and collection of taxes by municipal corporations are purely statutory functions, and the power to exercise them must be expressly conferred, and the statute must be strictly construed out of consideration for the taxpayer. An action at common law may be maintained by a tax district only in those cases where statutory authority therefor is given; and power to bring an action at law does not include the authority to bring a foreclosure action in equity. And the right to bring a foreclosure action, when it is conferred by statute, and no time for its commencement is specified, does not authorize such an action until resort has been had to other proceedings given by the charter. These principles have long been recognized and generally applied. (*Village of Charlotte* v. *Keon*, 207 N. Y. 346, 348, 349; *City of Rochester* v. *Bloss*, 185 id. 42; *City of Rochester* v. *Fourteenth Ward Assn.*, 183 id. 23, 28; *Central Trust Co.* v. *N. Y. C. & N. R. R. Co.*, 110 id. 250, 254, 255; *Village of Little Falls* v. *Cobb*, 80 Hun, 20, 31, 32.)

The charter of the city of Johnstown contains no provision authorizing it to sue in equity to foreclose a tax lien, and thus cut off the title of a freeholder. The absence of such a warrant is alone sufficient to negative its right to maintain this action. The city could have directed the distress and sale of goods, as it could have effected a sale of the real estate at public auction. These being inadequate, it could have brought its action at law, and had execution upon the judgment. But the city has failed to exercise the rights and perform the duties which its charter conferred and imposed. It was never the intention of the Legislature, when conferring power on a municipality to levy and collect taxes, that it should be optional with the taxing power to bring an action at law or a suit in equity to collect the tax as soon as the tax was levied or became payable. And if it had the power to bring such an action or suit at will, it could do so as soon as the tax would become payable. In such case, the costs and expense brought upon the taxpayer would often exceed the tax in arrears. Neither

was it the legislative intent that it should be optional with the taxing power to bar a freeholder from his title by foreclosure action, and thus deprive him of the right to redeem, which the tax statute affords. The needless imposition of costs and expense, and the destruction of redemption rights, involve substantial and important considerations, and it is the purpose and spirit of the Tax Law to prevent the one and conserve the other. These principles and doctrines are well exemplified and authenticated in the citations given above. It is true that there are exceptions to the rule. When it is doubtful which of several persons is obligated to pay the tax, or when the tax statute itself contains no provision for collection, or when the property is in the hands of the court, a different rule becomes necessary, and resort to the courts will then be justifiable. (*Central Trust Co.* v. *N. Y. C. & N. R. R. Co.* and *City of Rochester* v. *Bloss, supra.*) But in the absence of such circumstances, the general rule is that where administrative proceedings to enforce the collection of taxes are provided for in the very act which imposes them, those proceedings must in all cases be taken in the first instance, and all other remedies are excluded. (*City of Rochester* v. *Bloss, supra.*)

The judgment must be reversed, and the complaint dismissed.

HILL, P. J., RHODES and HEFFERNAN, JJ., concur; CRAPSER, J., dissents and votes to affirm the judgment appealed from on the ground that section 135 of the city charter gives the city the right to maintain this action.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.