RKO-KEITH-ORPHEUM THEATRES, INC., et al., on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Queens County, September 23, 1954.

*O'Brien, Driscoll & Raftery* for RKO-Keith-Orpheum Theatres, Inc., plaintiff.

*Leopold Friedman* for Willard Amusement Corporation, plaintiff.

*Hovell, Clarkson & Klupt* for Queens Park Operation Corporation, plaintiff.

*Weisman, Celler, Allan, Spett & Sheinberg* for Bilpam Corp., plaintiff.

*Adrian P. Burke, Corporation Counsel* (*Stanley Buchsbaum, Morris L. Heath* and *Solomon Partnow* of counsel), for defendants.

STODDART, J. This is an action for a declaratory judgment declaring the New York City Amusement Tax enacted by Local Law No. 37 for 1954 to be illegal and void. Both the plaintiffs and the defendants agree that there is no issue of fact requiring a trial. The defendants by motion pray for summary judgment dismissing the complaint and the plaintiffs by cross motion move for summary judgment in their favor.

The papers reveal that the Legislature of the State of New York passed a law permitting the imposition of a tax upon admissions " not in excess of five per cent " to theatres, etc. (L. 1947, ch. 278, as amd.). City of New York Local Law No. 37 for 1954 amends the Administrative Code of City of New York (tit. G, §§ G46–1.0—G46–2.0) to provide for a tax of 5% upon admissions to any place of amusement, with certain exceptions. In subdivision d of section G46–2.0, it is provided: " Where the tax to be paid by a patron includes a fraction of one cent, the fraction shall not be paid where it is less than one-half cent and a full cent shall be paid when the fraction is one-half cent or more."

The plaintiffs are owners or operators of theatres within the city and it is their contention that this tax is illegal on several grounds. Only two, in my opinion, deserve consideration. They are (1) that the City Amusement Tax is invalid because there is in existence a law (Local Laws, 1949, No. 14) which prevents the collection of any tax other than the United States tax, and (2) that as subdivision d of section G46–2.0 provides for the

collection of a tax in excess of 5%, it is invalid for it violates the permission granted by the State Legislature (L. 1947, ch. 278, as amd.).

The prior law (Local Laws, 1949, No. 14) does not bar the imposition of the amusement tax by the city. It was enacted by the city to prevent ticket gouging at a time when the only tax in existence was the United States tax. It could not prevent the State from imposing a tax nor is it reasonable to suppose that the city council desired to, or in fact could, bar a future administration from levying a proper tax. If the two local laws are inconsistent then the earlier law will be deemed repealed by implication (see McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 398 and the authorities cited thereunder). Moreover, the Legislature has expressly permitted the imposition of this tax by the provision in the enabling act " Notwithstanding any other provision of law to the contrary, any city of the state having a population of one million or more is hereby authorized and empowered to adopt and amend local laws imposing in any such city any or all of the taxes authorized " etc. (L. 1947, ch. 278, § 3, as amd. by L. 1948, ch. 651.)

The second contention of the plaintiffs would appear at first sight to be well founded. Subdivision d of section G46-2.0 does direct the collection of a tax which strictly speaking appears to be in excess of the 5% limitation imposed by the statute. But when we consider the custom of business and banking, the teaching practices in our schools of which judicial notice may be taken, and the administration of similar laws in this and other States, it is not clear that the Legislature intended to prohibit the recognized practice of adding an additional cent wherever computation results in a fraction of one-half cent or more. The defendants' evidence is uncontradicted that in the cities of Binghamton and Elmira, where admission taxes have been imposed under the same enabling act (L. 1947, ch. 278, as amd.), a full cent has been collected in like situations. The defendants state in their brief that in the imposition of sales taxes, which are authorized by similar language in the same tax enabling act, numerous municipalities throughout the State (Cities of Syracuse, Poughkeepsie, Niagara Falls, Newburgh; Counties of Erie and Monroe) have followed the same practice upon the recommendation of the State Tax Commission, whose authority to so recommend is expressly granted (L. 1947, ch. 278, § 7, as amd. by L. 1948, ch. 651). This statement also has not been contradicted by the plaintiffs.

Counsel have not found — nor has the court by independent research — any adjudicated case in this State where the argument here advanced has been used as a basis for challenging a tax.

In the State of Utah where a 2% sales tax was authorized and it resulted in the payment of a tax by the purchaser in excess of 2%, the court wrote: '' The people apparently have adopted the common-sense solution of the vendor absorbing the minor fraction of 1 cent and the vendee paying when the sales tax upon the rate imposed passed to the major part of the fraction of a cent.'' (*Jensen Candy Co. v. State Tax Comm.*, 90 Utah 359, 366–367); and in the State of Washington, where the tax commission had provided a schedule for the collection of a sales tax which in some instances amounted to a 4% tax (2% provided by Legislature) when fractions of a cent were involved, the court wrote (*Morrow v. Henneford*, 182 Wash. 625, 632): '' In any event, the appellant is not injured by the arrangement, since the tax is paid by the purchaser.''

After careful consideration of the uncontradicted evidence and the arguments of counsel, I believe that the language of the statute does not reveal a clear intention to prohibit the above-mentioned general practice regarding fractions of a cent. Therefore, I find Local Law No. 37 for 1954 to be legal.

Accordingly, the defendants' motion for summary judgment dismissing the complaint is granted and the plaintiffs' cross motion is denied. A judgment may be entered declaring the amusement tax to be valid and constitutional. No costs.

Until an appeal has been heard from the order to be entered hereon, the plaintiffs should continue to collect but not pay over to the city that part of the tax provided by subdivision d of section G46–2.0 of title G of the Administrative Code as directed by order of this court dated August 4, 1954. The bonds heretofore posted shall also be continued.

Settle order on notice.