RKO-Keith-Orpheum Theatres, Inc., et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, and Paramount Pictures Theatres Corp. et al., Interveners-Appellants, *v.* City of New York et al., Respondents.

Second Department, January 31, 1955.

*Edward C. Raftery, Thomas Bress, Milton C. Weisman, Mitchell Klupt, Leopold Friedman, Cecelia A. Goetz, Herbert B. Lazarus, Louis Weber* and *William Gold* for appellants.

*Adrian P. Burke, Corporation Counsel (Stanley Buchsbaum, Morris L. Heath* and *Solomon Portnow* of counsel), for respondents.

NOLAN, P. J. Pursuant to an enabling act of the State Legislature (L. 1947, ch. 278, as amd.), the council of the City of New York enacted Local Law No. 37, for the year 1954. The law imposes a tax of 5% on charges for admission to places of amusement and provides for the payment of the tax by the patrons of such places. Plaintiffs, who are theatre owners or operators, are under the express duty to charge and collect the tax imposed from their patrons, and are personally liable to the city for taxes collected, or required to be collected by the law. They are also subject to certain penalties, civil and criminal, if they fail to comply with its provisions. It is not disputed that the taxes which plaintiffs have been and will be required to collect and pay over to the city, if the law is sustained, will amount to a considerable sum of money.

The enabling act authorizes the city to impose and to collect " Taxes not in excess of five per cent " on admissions to specified places of amusement. (L. 1947, ch. 278, as amd. by L. 1948, ch. 651.) The local law provides that: " Where the tax to be paid by a patron includes a fraction of one cent, the fraction shall not be paid where it is less than one-half cent and a full cent shall be paid when the fraction is one-half cent or more." (Administrative Code of City of New York, § G 46–2.0, subd. d, as added by Local Laws, 1954, No. 37 of City of New York.) By virtue of this provision of the law, there is actually collected on admission charges which fall within certain brackets, a tax in excess of 5%. Plaintiffs, claiming that they would be irreparably damaged by the enforcement of the law, brought action for a judgment declaring the local law invalid and for injunctive

relief. The order and judgment appealed from granted a motion by defendants for summary judgment, denied a cross motion by plaintiffs for judgment pursuant to rules 112 and 113 of the Rules of Civil Practice and dismissed the complaint on the merits.

The learned Justice at Special Term, in reaching his conclusion, conceded that the local law " does direct the collection of a tax which strictly speaking appears to be in excess of the 5% limitation imposed by the statute." He took judicial notice, however, of the " custom of business and banking, the teaching practices in our schools  *  *  *  and the administration of similar laws in this and other States ", and concluded that it was " not clear that the Legislature intended to prohibit the recognized practice of adding an additional cent wherever computation results in a fraction of one-half cent or more ". (206 Misc. 602, 604.) Since in his opinion the language of the statute did not reveal " a clear intention to prohibit " such practice, he declared the local law to be a valid enactment.

We do not so construe the statute. The levy and collection of taxes by municipal corporations are purely statutory functions and the power to exercise them must be expressly conferred. The city is without power to collect the tax provided by the local law, except that expressly conferred by the enabling act, or such as is necessarily implied therefrom. (*City of Johnstown* v. *Wells,* 242 App. Div. 103, affd. 275 N. Y. 623.) We find no ambiguity in the enabling act, which does not require the city to impose and collect a 5% tax, but merely permits the imposition of a tax *not in excess of 5%.* If it be assumed that this language does not reveal a clear intention to prohibit the practice adopted by the city, we are, nevertheless, unable to discover a clear intention to permit that practice. We assume that the Legislature was cognizant of the fact that some problems and complications might arise in the collection of a tax on admissions at the maximum rate permitted. If the legislators had foreseen the present difficulty and intended to permit the collection of a tax in excess of 5%, in certain instances, by the device of rounding fractions, they could have so provided in clear and unmistakable language. They did not so provide, and we read the enabling act, as we are required to, as it is written by the Legislature, and not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. (*Saltser & Weinsier* v. *McGoldrick,* 295 N. Y. 499, 506.)

Obviously, the enabling act does not expressly confer the power to collect a tax in excess of 5% in cases in which the tax, as computed, includes a fraction of a cent. Neither may it be read, in our opinion, as conferring that power by implication. " ' A power not expressly granted by statute is implied only where it is " so essential to the exercise of some power expressly conferred as plainly to appear to have been within the intention of the legislature. The implied power must be necessary, not merely convenient, and the intention of the legislature must be free from doubt." (*Peo. ex rel. City of Olean* v. *W. N. Y. & P. T. Co.*, 214 N. Y. 526, 529.) ' (*Lawrence Constr. Corp.* v. *State of New York*, 293 N. Y. 634, 639.) " (*Saltser & Weinsier* v. *McGoldrick, supra*, p. 506.)

The literal language of statutes may, at times, be disregarded to avoid unjust or unreasonable results. (Cf. *People ex rel. 23rd St. R. R. Co.* v. *Commissioners of Taxes of City of N. Y.*, 95 N. Y. 554; *Matter of Meyer*, 209 N. Y. 386, and *Kauffman & Sons Saddlery Co.* v. *Miller*, 298 N. Y. 38.) However, we should not, in seeking the legislative intent in authorizing municipal taxation, indulge in strained or doubtful constructions in favor of the city. (*People ex rel. Fifth Ave. Bldg. Co.* v. *Williams*, 198 N. Y. 238, 248.) If there is a reasonable doubt as to the meaning of the language employed, it should be resolved against the taxing authority. " ' A statute which levies a tax is to be construed most strongly against the government and in favor of the citizen. The government takes nothing except what is given by the clear import of the words used, and a well-founded doubt as to the meaning of the act defeats the tax.' " (*Matter of Good Humor Corp.* v. *McGoldrick*, 289 N. Y. 452, 455.)

It is our opinion that the local law, insofar as it provides for the collection of a full cent in cases in which the tax as computed includes a fraction of a cent, imposes a tax in excess of that permitted by the enabling act. The conclusion is not required, however, that the entire law is bad. Whether the provisions of the law are so interwoven that, one being invalid, the others must fall, presents a question of statutory construction and of legislative intent. The question is, in every case, whether the Legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with the invalid part exscinded, or rejected altogether. (*People ex rel. Alpha Portland Cement Co.* v. *Knapp*, 230 N. Y. 48, 60.) Here, the council has clearly indicated its desire, in case of a partial invalidity, to enforce the other provisions of the law, by providing in the local law that " If any provision of this title, or the application thereof to any

person or circumstances, is held invalid, the remainder of this title, and the application of such provisions to other persons or circumstances shall not be affected thereby.'' (§ G 46–22.0.) We have no difficulty in determining that the local law can function satisfactorily within the limits of the power granted by the enabling act if there be exscinded therefrom only the provisions of subdivision d of section G 46–2.0, which provide for the collection of a full cent in cases in which the tax as computed includes a fraction of a cent.

We find in this case, although we are dealing only with a fraction of a cent in the case of each admission charge subject to the tax, no occasion for the application of the '' de minimis '' rule. The financial responsibility of the plaintiffs under the law is by no means slight, and in addition thereto they face the possibility of criminal prosecution if they willfully fail to comply with its provisions.

We conclude that defendants' motion for summary judgment was improperly granted. We also conclude, however, that plaintiffs' motion was properly denied. Although plaintiffs have a sufficient interest in this controversy to entitle them to a declaration of their rights (Socony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163, affd. 272 N. Y. 668), we are unable to decide, on the record presented, that an injunction is necessary or proper. Although the tax is collected by plaintiffs, it is paid by their patrons, and plaintiffs have not established that they are presently threatened with irreparable or any direct injury through the collection of the tax. (Cf. Kane v. Walsh, 295 N. Y. 198, and Massachusetts v. Mellon, 262 U. S. 447.) Moreover, we believe that when the law is settled it will be obeyed by responsible public officials, and that an injunction would be nothing more than a mere formality. (Cf. Socony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163, supra.) If such relief is to be granted, it must rest on evidence other than that presented on the motions which resulted in the determination under review.

The order and judgment insofar as appealed from should be modified by striking out the provision which grants defendants' motion for summary judgment and by substituting therefor a provision that the motion be denied, and by striking out the provisions which declare the local law to be valid and constitutional and which dismiss the complaint. As so modified, the order and judgment should be affirmed, with one bill of $10 costs and disbursements to appellants.

BELDOCK, J. (dissenting). Chapter 278 of the Laws of 1947, as amended, enables the City of New York to impose a tax " not in excess of five per cent " on admissions and charges for entertainment " to be collected and administered in such manner as may be provided by  \*  \*  \*  local law ". Pursuant to such authorization, the city of New York has by local law imposed a tax of 5% on enumerated admissions and charges. (Local Laws, 1954, No. 37 of City of New York; Administrative Code of City of New York, § G 46–2.0, subd. a.) It has chosen, also pursuant to the authorization contained in the enabling act, to collect and administer the 5% tax in such manner as to eliminate that part of the tax which is a fraction of one cent. Where the fraction of the tax is less than one-half cent, the fraction is not required to be paid; where the fraction of the tax is one-half cent or more, a full cent is required to be paid. (Local Laws, 1954, No. 37 of City of New York; Administrative Code, § G 46–2.0, subd. d.) With knowledge that at least two cities had administered an admission tax in the same way under an enabling act containing the same language, the Legislature again re-enacted the statute in exactly the same language without attempting to prohibit such practice. (L. 1952, ch. 742.) At least five cities and two counties of the State have adopted the recommendation of the State Tax Commission to use a similar practice with respect to the administration of sales taxes, where the enabling statute permits a tax on retail sales " not in excess of two per cent " (L. 1947, ch. 278, § 1, subd. [a]).

In order to secure complete accuracy and exactitude in the collection and administration of a 5% tax, any method of administration other than the one adopted by the local law would involve either the coinage of tax tokens, or the issue of tax stamps, in denominations of one-half mill. Such a solution would be not only cumbersome, oppressive, and burdensome to the city, the theatre operators, and patrons, but wastefully expensive.

Where the literal application of the language of a statute occasions " great inconvenience " (*Matter of Meyer*, 209 N. Y. 386, 389) or " involves an absurdity " (*People ex rel. Onondaga Co. Sav. Bank* v. *Butler*, 147 N. Y. 164, 168), " another and more reasonable interpretation is to be sought.  \*  \*  \*  The courts must in that event look to the act as a whole, to the subject with which it deals, to the reason and spirit of the enactment, and thereby determine the true legislative intention and purpose; and if such purpose is reasonably within the scope of the language used, it must be taken to be a part of the statute the

same as if it were plainly expressed. To effect the intention of the legislature the words * * * may be enlarged or restrained in their meaning and operation, and language general in expression may be subjected to exceptions through implication '' (*Matter of Meyer, supra,* pp. 389–390) and '' the ordinary meaning '' of the words used '' will be modified or altered so as to avoid the absurdity '' (*People ex rel. Onondaga Co. Sav. Bank* v. *Butler, supra,* p. 168).

The clear intention of the Legislature was to authorize the city to impose a tax of 5% and to permit the tax to be collected and administered in such manner as may be provided by local law. To avoid the inconvenience of having tax tokens or stamps in denominations of a half mill, and to avoid the construction of the enabling statute and the local law so as to impose a tax of 4%, if the majority view were adopted (e.g., on admissions of fifty cents), the general language in the enabling statute giving the city authority to impose a tax not in excess of 5% must be construed so as to be subject to an exception through implication where the tax so imposed results in a fraction of one-half cent or more. In dealing with a problem like the present one, the lawmakers may adopt a practical means to facilitate the computation and collection of the tax. Neither the enabling statute nor the tax is defeated merely because the system adopted does not permit a tax for a minor fraction of a cent to be imposed and collected upon a particular admission. The solution adopted by the local law in question is not only practical, but is a commonsense one. In fact, under the circumstances of this case, the solution does more than avoid great inconvenience, it is a matter of necessity caused by the monetary system used in this country.

The amount of the tax in excess of 5% required to be paid by any individual patron who might be affected can never be more than one-half cent. That amount is so trifling as to be neither burdensome nor confiscatory, and should be disregarded under the maxim '' *De minimis non curat lex* ''. (*Wilson* v. *Philadelphia,* 330 Pa. 350, 352.)

It is not now necessary to pass upon the question whether the theatre operators have any standing to attack the local law because it is not urged. (See, however, *Morrow* v. *Henneford,* 182 Wash. 625.)

The order and judgment should be affirmed, without modification.

WENZEL and MURPHY, JJ., concur with NOLAN, P. J.; BELDOCK, J., dissents and votes to affirm the order and judgment, without modification, in opinion in which MACCRATE, J., concurs.

Order and judgment (one paper) insofar as appealed from modified by striking out the provision which grants defendants' motion for summary judgment and by substituting therefor a provision that the motion be denied, and by striking out the provisions which declare the local law to be valid and constitutional and which dismiss the complaint. As so modified, order and judgment affirmed, with one bill of $10 costs and disbursements to appellants. [See *post*, p. 892.]