L. K. LAND CORPORATION, Respondent, v. DORA GORDON et al., Defendants, and ROSLYN GREENFIELD et al., Appellants.— In an action to foreclose tax liens, pursuant to the provisions of the Administrative Code of the City of New York, the appeal is from an order under rule 113 of the Rules of Civil Practice, striking out answers interposed by appellants, in which defenses were asserted that the action was not commenced within six years after the cause of action pleaded in the complaint had accrued. Order reversed, with one bill of $10 costs and disbursements, and motion denied, with $10 costs. Section 415 (1)–39.0 of the Administrative Code provides, among other things, that an action to foreclose a tax lien shall be " regulated " by the provisions of the Civil Practice Act and all other provisions of law and rules of practice applicable to actions to foreclose mortgages on real property. Although there may be some doubt that it was intended, in enacting that section, to provide for anything more than the regulation of the procedure in such an action, we do not find it necessary to decide whether such was the legislative intent, or whether it was also intended to make the provisions of section 47-a of the Civil Practice Act applicable to such actions. If the time in which such an action may be commenced is not limited by the provisions of section 47-a, it is governed by subdivision 2 of section 48 of the Civil Practice Act, which provides that an action to recover on a liability created by statute, except a penalty or forfeiture, must be commenced within six years after the cause of action has accrued. The power to tax is wholly statutory and the remedies provided for the collection of taxes, whether by action or otherwise, are also dependent on statutory authority. (*City of Rochester* v. *Bloss*, 185 N. Y. 42; *City of Johnstown* v. *Wells*, 242 App. Div. 103, affd. 275 N. Y. 623; *Village of Charlotte* v. *Keon*, 207 N. Y. 346, 348; *Bristol* v. *Washington Co.*, 177 U. S. 133; *Barden* v. *City of Duluth*, 28 F. 14.) The fact that taxes continue to be liens on the real estate affected until paid (New York City Charter [1938], § 172; Administrative Code of City of New York, § 415 [1]–7.0) does not prevent the operation of the Statute of Limitations to bar an action for the enforcement of the liens. That statute does not pay, destroy or discharge the lien, but affects only the remedy. (Cf. *Hulbert* v. *Clark*, 128 N. Y. 295; *House* v. *Carr*, 185 N. Y. 453, and *Campbell* v. *Holt*, 115 U. S. 620.) Whether or not the statute was tolled by the purchase of the property involved, subject to taxes (cf. *Shohfi* v. *Shohfi*, 303 N. Y. 370), may not be decided on the record presented. *City of New York* v. *Deering* (263 App. Div. 974) is not an authority to the contrary. That action was commenced within six years after the right of action had accrued, the contention of the defendant in that case being that the action was barred because the taxes sought to be collected by foreclosure of

the tax liens, had existed as liens for upwards of six years. However, even though the action may be barred as to the principal amount of the tax liens, respondent may maintain the action to recover the interest on the tax liens which accrued during the period between a date six years prior to the commencement of the action and the termination of the limitation period as to principal. (*Ernst* v. *Schaack*, 271 App. Div. 1012, affd. 297 N. Y. 566.) Under such circumstances, the Statute of Limitations constitutes only a partial defense and should have been pleaded as such. (Civ. Prac. Act, § 262; *Houston* v. *Coombs*, 224 App. Div. 396, 398; *Kenny* v. *Terwilliger*, 281 App. Div. 952.) However, the technical defects in appellants' answers may be disregarded on this motion under rule 113 of the Rules of Civil Practice, since appellants have shown facts entitling them to defend the action. (*Curry* v. *Mackenzie*, 239 N. Y. 267, 272.) Nolan, P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur. [See *post*, p. 784.]