Richard F. Daly, J.
William Reilly, an officer of Hylan Motel Inc., is charged with failure to register and file tax returns pursuant to title V of chapter 41 of the Administrative Code of the City of New York.
The defendant admits that he did not register and file tax returns, but contends that a motel is not subject to tax under the sections imposing a tax on occupancy of rooms in hotels, apartment hotels and lodging houses. The People urge that the local law imposing the tax applies to all types of accommodations for the lodging of transients and that a “motel” falls squarely within the definition of “ lodging house ”. Chapter 41-1.0 of title V of the Administrative Code defines a lodging house as follows: “ 6. ‘ Lodging House ’. A building or portion of a building in which persons are lodged for hire with or without meals, which building, or portion of a building, is not in and of itself a hotel or apartment hotel ’ ’.
The afore-mentioned title V imposes a tax “ for every occupancy of a room or rooms in a hotel, apartment hotel, or lodging house ”. (Administrative Code, § V41-2.0.) The applicable sections do not contain the word “ motel ”.
The word ‘ ‘ motel ” is a coined and modern word derived from an abbreviation of the words “motorists’ hotel”, i.e., “motel” (Webster’s New Collegiate Dictionary, 1949; Funk & Wagnalls New Std. Dictionary, 1951).
The courts have recognized the distinction between a hotel and a motel. In Matter of Von Der Heide v. Zoning Bd. of Appeals (204 Misc. 746, 749) the court stated: “ a hotel * * * may be considered as an establishment where guests, transient or otherwise, are lodged for a consideration and where they may receive for a consideration, meals, maid or room-service, telephone or desk service and all other necessities, conveniences and facilities to completely take care of all their ordinary and proper wants, day and night, for a stay of one day, several days or a long period. On the other hand, a motel, as one generally understands the term, and as typified by the building sought to be erected by this petition, merely furnishes the transient guest with sleeping quarters and bath and toilet facilities, with linen service and a place to park his car.” In Hotel Syracuse v. Motel Syracuse (283 App. Div. 182, 186) the court stated: “The distinction between a ‘hotel’ and a ‘motel’ is firmly established in the mind of any reasonable person.”
*141 The Legislature has recognized that there is a distinction between a motel and a lodging house. By chapter 578 of the Laws of 1956 it amended section 204 of the General Business Law so as to include “ motel, tourist cabins, camp, resort”. This indicates that the Legislature intended that the words “lodging house ” as used in that section were not to be enlarged beyond the ordinary meaning of the words.
A statute and the words used therein are to be construed according to the meaning thereof at the time of its enactment rather than a meaning subsequently acquired (82 C. J. S., Statutes, § 329, p. 638) and expediency born of changing circumstances and conditions will not be permitted to alter the meaning of the plain and ordinary language used therein. (Arnold v. City of Chicago, 387 Ill. 532.)
The statute being penal, must be strictly construed. Any disputed words in a tax statute must be construed against the taxing power. In R.K.O.-Keith-Orpheum Theatres v. City of New York (285 App. Div. 374, 377) the court stated: “ If there is a reasonable doubt as to the meaning of the language employed, it should be resolved against the taxing authority.
‘ A statute which levies a tax is to be construed most strongly against the government and in favor of the citizen. The government takes nothing except what is given by the clear import of the words used, and a well-founded doubt as to the meaning of the act defeats the tax.’ (Matter of Good Rumor Corp. v. McGoldrick, 289 N. Y. 452, 455.) ” (See, also, People ex rel. Mutual Trust Co. v. Miller, 177 N. Y. 51; People ex rel. New York Mail & Newspaper Transp. Co. v. Gaus, 198 N. Y. 250.)
This court holds that the distinctions between a “motel” and a “ hotel ” and a “ motel ” and a “ lodging house ” are firmly established in the mind of any reasonable person.
If the municipality seeks to differentiate between different types of hotels, it must do. so specifically by local law. (Matter of Maturi v. Balint, 204 Misc. 1011.)
The motion to dismiss the information as to all counts is granted and the defendant is discharged.