James C. Crane, J.
Plaintiffs move in this action for a declaratory judgment to strike defendants’ answer and directing the entry of summary judgment upon the two causes of action alleged in the complaint. The defendants cross-move for summary judgment.
Among the issues involved in this case is the question of whether the provisions of the New York City Hotel Boom Occupancy Tax Law (Administrative Code of City of New York, former ch. 41, tit. V), which imposes a tax on the rent for every occupant of a room or rooms in a hotel, apartment hotel or lodging house, apply to the rental of rooms in a motel.
The plaintiffs contend that an adjudication in the Magistrate’s Court of a criminal complaint constitutes res judicata in this present civil action. After trial the Magistrate sitting by consent as a Court of Special Sessions dismissed the criminal complaint on the ground that a motel was not subject to the tax law and rendered a learned opinion sustaining such point of view, holding that since hotels and lodging houses differ from motels, motels are not covered by the tax law unless specific provision therefor was made therein (People v. Reilly, 20 Misc 2d 139).
The corporate plaintiff in this action is the owner of the premises known as 481 Hylan Boulevard, Staten Island, New York, consisting of a motel. An assessment for hotel room occupancy tax was made by the City of New York and as a result of a default on plaintiffs ’ part a final determination was issued on July 24,1963, and a warrant filed on September 11, 1963, for the amount of the final determination with interest totaling $17,220.09, which determination, plaintiff claims, following the decision of the court in the criminal case on the 16th day of October, 1959, was illegal, unconstitutional and void and made without due process of law.
The premises which the city claims to be subject to the tax was described as stated by the Corporation Counsel in his brief in a proceeding before the Comptroller of the city as a building consisting of rooms or units with no cooking facilities: parking space was provided; that there were individual entrances *653 to each unit and no connecting hallways; that the building itself known as the Hylan Motel is one story high with a flat roof and constructed of brick and stone; that the form of the building is square with no opening in the middle of the square for access and between each section of two rooms are fireproof partitions with each section partitioned in half so as to form two rooms. The description allegedly given and facilities and services supplied conform in every respect with buildings of similar nature commonly known and used in the tourist trade as a motel. These afore-mentioned descriptions allegedly given by the plaintiff William Reilly before the Comptroller have not been disputed. The rooms in these premises are rented for hire similarly to motel rooms with the same accommodations in the trade.
Two questions squarely presented in this action and on these two motions are (a) does the decision in the criminal case holding that as a matter of law a motel was not a hotel, apply in this civil action and as a consequence be considered res judicata or (b) does the usage of the plaintiffs’ premises come squarely within the purview of the definition of paragraphs 5, 6, and 7 of section V41-1.0, and section V41-2.0 of said Administrative Code?
With respect to the first question the court agrees with the city’s contention as held in Helvering v. Mitchell (303 U. S. 391, 397): “ That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled.”
The court agrees further that acquittal in a criminal case is not res judicata in a later civil case (United States v. Real Estate Bds., 339 U. S. 485, 493-494; Matter of Cohen v. Board of Regents of Univ. of State of N. Y., 274 App. Div. 952, affd. 299 N. Y. 582).
With respect to the second point the court is satisfied from the facts in the instant case that a motel falls squarely within the definition of a lodging house (Administrative Code, § V41-1.0, subds. 6 and 7), and is consequently subject to the tax.
This court is also of the opinion that the name motel or similar name, if the premises or rooms are used for lodging for hire, is immaterial and does not create separate and distinct ground for exemption from the tax.
For the foregoing reasons, the court is constrained to hold that the contentions of the plaintiffs are without merit and their motion for summary judgment and for striking defendants’ answer should be denied and defendants’ cross motion for summary judgment should be granted dismissing the complaint.