In the Matter of GOOD HUMOR CORPORATION, Appellant, against JOSEPH D. MCGOLDRICK, as Comptroller of the City of New York, Respondent.

Argued December 1, 1942; decided January 14, 1943.

*J. Hampden Dougherty, Edward H. Hart* and *Stephen J. Lucey* for appellant. Human foodstuffs are exempt from the tax and the products of the petitioner are all in the exempt class. (*Howitt* v. *Street & Smith Pub. Inc.*, 276 N. Y. 345; *United States* v. *Johnston*, 124 U. S. 236; *Brewster* v. *Gage*, 280 U. S. 327; *People ex rel. Mutual Trust Co.* v. *Miller*, 177 N. Y. 51.) Until July 1, 1938, all milk products were exempt; hence the assertion that sundaes and Good Humors are confectionery affords no justification for taxing sales thereof during the period January 1, 1937 to June 30, 1938. (*Matter of Budd* v. *Valentine*, 283 N. Y. 508; *Taylor* v. *Prudential Ins. Co.*, 142 Misc. 94; *Matter of N. Y. Cable Ry. Co.*, 40 Hun, 1; *Merkling* v. *Ford Motor Co.*, 251 App. Div. 89; *Mortion* v. *Horton*, 189 N. Y. 398; *Matter of Hering*, 133 App. Div. 293; *Matter of Buoneto* v. *Buoneto*, 254 App. Div. 688; *People ex rel. N. Y. M. & N. T. Co.* v. *Gaus*, 198 N. Y. 250.) The fact that petitioner's food products are neither candy nor confectionery invalidates the entire assessment. (*Hutchison Ice Cream Co.* v. *Iowa*, 242 U. S. 153.)

*Kenneth M. Spence* and *Soia Mentschikoff* for F. H. Anderson and others, doing business as Canteen Company, *amicus curiæ.*

*William C. Chanler, Corporation Counsel* (*Edmund B. Hennefeld, Arthur A. Segall, Sol Charles Levine* and *Jacob Slove* of counsel), for respondent. The petitioner's confected products, as distinguished from plain ice cream, are taxable as falling within the general coverage of the law and as excluded from the exemptions. (*Louisville Gas & Electric Co.* v. *Coleman*, 277 U. S. 32; *Hutchinson Ice Cream Co.* v. *Iowa*, 242 U. S. 153; *Andrews* v. *Tax Commission*, 135 Ohio St. 374; *Helvering* v. *N. Y. Trust Co.*, 292 U. S. 455.)

LEHMAN, Ch. J. In 1937 and 1938, the petitioner Good Humor Corporation was engaged in the business of selling at retail certain products known as " Good Humor sticks," " sundae cups," and " water ice cups." The Comptroller of the city of New York has determined that Local Laws 31 of 1936 and 20 of 1937 and 21 of 1938 impose a sales tax of two per cent upon the receipts from the sale of these products in the city of New York. In a proceeding brought by the petitioner to review this determination, the Appellate Division has confirmed the determination.

Local laws in effect in 1937 and 1938 imposed a tax upon the receipts from every sale in the city of New York, as follows:

" (a) Tangible personal property sold at retail, except those articles described in Schedule ' A ' below:

\* \* \* \* \* \* \*

### SCHEDULE A

Cereals and cereal products;

*Milk and milk products*, other than candy and confectionery;

Meat and meat products;

Fish and fish products;

Egg and egg products;

Vegetables and vegetable products;

Fruits, spices and salt;

*Sugar and sugar products*, other than candy and confectionery;

Coffee and coffee substitutes; beer or other similar malt beverages; tea, cocoa and cocoa products, other than candy and confectionery;

Water, when delivered to the consumer through mains and pipes;

Drugs and medicines sold upon a physician's prescription;

Newspapers and periodicals."

The words " other than candy and confectionery " after " Milk and milk products " were added only in July, 1938, by Local Law 21 of 1938. For the purposes of this appeal we assume without further consideration that the amendment of Schedule A in 1938 merely expressed a qualification or limitation which previously was clearly implied and made no change in the scope of the taxing statute.

Upon that assumption the products of the petitioner are subject to the tax if they come within the classification of " candy and confectionery." Otherwise they are " milk products " or " sugar products " which are not subject to tax. " Good Humor sticks " are cakes of ice cream with a coating of chocolate about one sixty-fourth of an inch thick. A stick is inserted to hold the product. Ice Cream sundaes consist of ice cream with a " topping " of flavored syrup. Water ice is made principally of sugar and water. The classification of " candy and confectionery " cannot be exactly defined. Concededly it covers a wide variety of articles usually made and sold in the " confectionery " business. Confectioners usually

made and sell ice cream, water ices, sugar-coated cakes and other articles which are also made in the home or in bakeshops, and which are sold perhaps as much in other places of business as in confectionery shops. For some purposes such articles might be classified as candy or confectionery, not for all. The line it is said must be drawn somewhere, and the Comptroller has chosen to draw the line between ice cream without a chocolate coating and ice cream with " Good Humor " coating or " Good Humor " sundae.

The determination of what articles or transactions are taxable is a legislative function. It is not the function of an administrative officer to determine where the line shall be drawn which divides the field subject to taxation from the field where no tax has been imposed. That line must be drawn by statute or ordinance. The tax authorities have power only to determine whether an article comes within the field selected in the ordinance for taxation. Where the facts are not disputed, the question whether a particular article falls within that field is a question of law.

This court has said that " A statute which levies a tax is to be construed most strongly against the government and in favor of the citizen. The government takes nothing except what is given by the clear import of the words used, and a well-founded doubt as to the meaning of the act defeats the tax." (*People ex rel. Mutual Trust Co.* v. *Miller*, 177 N. Y. 51; *People ex rel. New York M. & N. T. Co.* v. *Gaus*, 198 N. Y. 250.) That well-established rule applies in this case. It is not quite accurate to say that articles enumerated in Schedule A have been " exempted " from the general sales tax. Rather it is true that the field selected for the tax law does not cover the articles enumerated in Schedule A. The products of Good Humor Corporation are, it is clear, " milk products " and " sugar products," and only by giving a very broad construction of doubtful validity to the limitation " other than candy and confectionery " can these products be included in the limitation so described.

For these reasons the order of the Appellate Division should be reversed and the determination of the respondent annulled, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order reversed, etc.