In the Matter of ALLIED CHEMICAL CORPORATION, Appellant, against CHESTER KOWAL, as Comptroller of the City of Buffalo, Respondent.

Fourth Department, October 30, 1959.

*Kenefick, Letchworth, Baldy, Phillips & Emblidge* (*Alexander C. Cordes* and *Chester G. Dann* of counsel), for appellant.

*Anthony Manguso, Corporation Counsel* (*William J. Ostrowski* and *Abraham I. Okun* of counsel), for respondent. .

*Per Curiam.* Allied Chemical Corporation has appealed from an order which dismissed its article 78 proceeding against the Comptroller of Buffalo seeking the refund of $22,312.20 paid under protest to the city pursuant to local consumers' utility taxes on electricity, gas and water. Allied contends that the utilities consumed by it were used in the manufacture and processing of various chemicals and dyestuffs and therefore were not taxable under the terms of the Enabling Act.

The Enabling Act (L. 1947, ch. 278, as amd. by L. 1948, ch. 651) provides in part: " § 1  *  *  *  (c) Taxes at rates not in excess of three per cent of the charge therefor, on the consumption or use of any or all of the following: gas, electricity, water when delivered through mains or pipes, refrigeration, steam, or gas, electric, water, refrigeration or steam service of

whatsoever nature for domestic or commercial use, or telephony or telegraphy or telephone or telegraph service of whatsoever nature.''

The City of Buffalo enacted two local laws, one in 1954 and one in 1955 (Local Laws, 1954, No. 2 of City of Buffalo; Local Laws, 1955, No. 1 of City of Buffalo), exercising the power given by the Enabling Act. They read in part: '' 2. Imposition of tax. (a) Commencing July first, nineteen hundred fifty-four, there shall be paid by the purchaser and collected by the vendor a tax at the rate of two per cent (2%) of the charge for the consumption or use within this city of any or all of the following: gas, electricity, refrigeration, steam, or gas, electric, refrigeration or steam service of whatsoever nature for domestic or commercial use, and, commencing July first, nineteen hundred fifty-four, there shall be paid by the purchaser and collected by the vendor a tax at the rate of three per cent (3%) of the charge for the consumption or use within this city of water when delivered through mains or pipes, telephony or telegraphy or water, telephone or telegraph service of whatsoever nature, except ''.

The controversy centers on the interpretation of the Enabling Act, insofar as it provides for a tax on '' gas, electricity, water when delivered through mains or pipes, refrigeration, steam, or gas, electric, water, refrigeration or steam service of whatsoever nature for domestic or commercial use, or telephony or telegraphy or telephone or telegraph service of whatsoever nature.'' Allied's argument is twofold, first, that the phrase, '' for domestic or commercial use '' modifies all the words which precede it, and second, that industrial use is distinguished from domestic or commercial use. The trial court agreed with the second point but ruled against Allied on the first point.

The language of the Enabling Act, on its face, supports the conclusion that the modifying phrase refers both to the commodities and to the related services as enumerated. Such general language appearing at the end of an enumeration modifies all the words which precede it. There is no reason for holding that the phrase '' for domestic or commercial use '' applied to the sale of electricity but not to the sale of electric service. In *County of Erie* v. *City of Buffalo* (4 N Y 2d 96) the court placed both commodities and services in the same category when it stated at page 102: '' By a Local Law, effective July 1, 1954, the City imposed a 2% utility consumption tax upon the use of gas, electricity, refrigeration, steam or related service for domestic or commercial use ''.

The trial court apparently restricted the application of the modifying phrase because it interpreted the phrase as an exemption from the tax which should be strictly construed against the one claiming the exemption. Interpretation of an exemption, however, must be differentiated from the determination of the scope of coverage of a taxing statute which should be fairly and liberally construed in favor of the taxpayer. The question is not one of exemption but rather of what is included within the field selected for the tax law (*Matter of Good Humor Corp.* v. *McGoldrick,* 289 N. Y. 452; *American Locker Co.* v. *City of New York,* 308 N. Y. 264). In *Matter of Niagara Mohawk Power Corp.* v. *Wanamaker* (286 App. Div. 446, affd. 2 N Y 2d 764), this court indicated that a taxing statute should receive a practical construction, particularly where the statute is designed to accomplish a practical economic result, namely, the avoidance of multiple taxation, once when the product is being manufactured and again when the finished product is sold. Giving the statute under consideration its practical construction, the phrase "for domestic or commercial use" must be taken as modifying both the commodities and the services which precede it.

The local regulations adopted by the city pursuant to the authority given by the Enabling Act (§ 7) appear to recognize no limitation on the imposition of the utility tax resulting from the phrase "for domestic or commercial use." Comptroller's Local Regulation No. 9 reads: "Accordingly the tax is payable by all persons consuming or using such utilities or services in all business, trades, professions, industries, manufactories, mercantile establishments, commercial enterprises, households, dormitories, living quarters, etc., whether for profit or otherwise." Such an interpretation is entirely unacceptable. In subdivision (c) of section 1 of the Enabling Act, gas, electricity, water, refrigeration, steam and related services are separated from telephony, telegraphy and related services, the latter not being modified or limited. The Legislature would not separate the types of utilities, placing no limit on one group, unless it intended the phrase "for domestic or commercial use" to act as a limit for the other group. Otherwise, all the commodities and the related services would have been grouped together.

Industrial use must be distinguished from domestic or commercial use. Precedent for the language used in the Enabling Act is found in the United States Internal Revenue Code and the New York City Sales Tax Law. Regulation 316.190 which referred to section 3411(a) of the 1939 Internal Revenue Code specifically excluded "industrial" from the phrase "domestic

or commercial '' (see, e.g., *Wisconsin Power Co.* v. *United States*, 336 U. S. 176). The New York City Sales Tax Laws of 1935 and 1938 excluded sales for industrial consumption from the definition of domestic or commercial use. Such sales were excluded to prevent the imposition of multiple taxation which would be an undue burden on industrial users. These precedents are persuasive arguments supporting the differentiation of industrial from domestic or commercial uses and the exclusion of industrial consumption from the scope of the Enabling Act and the local laws adopted pursuant thereto.

Finally, the local law groups '' water when delivered through mains or pipes '' with those utilities which are taxable when consumed for any reason. Under the authority of the Enabling Act, water and water service are taxable only when consumed for domestic or commercial use. Insofar as the local law goes beyond the scope of the Enabling Act, it is invalid and cannot stand.

The order appealed from should be reversed and the matter remitted for further proceedings not inconsistent with this opinion.

All concur. Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

Final order reversed, with $50 costs and disbursements, and proceeding remitted to Special Term for further proceedings not inconsistent with the opinion.