William F. Christiana, S.
This is an appeal from a pro forma order assessing tax. Involved is an interpretation of sections 249-n and 249-q of the Tax Law, as amended, effective April 1,1959.
Decedent died testate on September 18, 1959. Her will was duly probated on September 25, 1959. Tax transfer proceedings were thereafter taken on her estate and the net assets subject to tax computed at $54,873.22. The only exemption claimed was a $5,000 exclusion on behalf of a surviving sister.
The executrix has computed the tax by deducting the amount of such $5,000 exemption from the net estate of $54,873.22 leaving a purported taxable balance of $49,873.22. Against such balance was applied the statutory rate of 2% resulting in a total tax of $997.46. An order assessing tax in such amount was duly approved, signed and filed on October 27, 1959.
The State Tax Commission now contends that the $5,000 exemption should have been first deducted from the $50,000 bracket leaving $45,000 taxable at 2%, totaling $900, and that the excess of $4,873.22 should have "been taxed at 3% totaling $146.20, thereby resulting in a composite tax of $1,046.20.
Counsel for the executrix insists that the true interpretation of the sections involved clearly permits exemptions to be taken from the first $150,000 bracket of the net estate, and 'since the net estate in this instance is $54,873.22, the $5,000 exemption may thus be deducted therefrom and the balance taxed at the rate of 2% or $997.46.
The resulting differential of $48.45 between the two methods of computation is trifling hut the question involved is of consequence.
Statutes are not easily written and sometimes less readily interpreted. To determine precisely their exact meaning is frequently no easy assignment. However, we hold that the contention of the State Tax Commission is correct. The second paragraph of section 249-n of the Tax Law would appear to direct the imposition of a tax at a rate of 2% on the amount of a net estate not in excess of $50,000, except whatever exemption *184 is allowed by section 249-q. In this instance, such exemption amounts to $5,000, leaving $45,000 taxable at 2% or $900.
The next paragraph of the statute would appear to direct the imposition of a tax at a rate of 3% on the amount of net assets ranging between $50,000 and $150,000, except so much of such amount as may be exempted under section 249-q. In this instance there being no further exemptions, there is left the sum of $4,873.22 taxable at 3% or $146.20. The result is a total tax of $1,046.20.
In many estates exemptions allowed by statute may exceed $50,000. Hence, the statute permits allowable exemptions to extend over the first two brackets.
We have carefully examined the authorities submitted by the respondent, such as Gould v. Gould (245 U. S. 151); Matter of Good Humor Corp. v. McGoldrick (289 N. Y. 452); Matter of Grumman Corp. v. Board of Assessors (2 N Y 2d 500); People ex rel. Fifth Ave. B Co. v. Williams (198 N. Y. 238); People ex rel. Mut. Trust Co. v. Miller (177 N. Y. 51); American Locker Co. v. City of New York (308 N. Y. 264) and others. These cases hold in effect that ambiguities in statutes levying taxes should 1 ‘ be construed most strongly against the government and in favor of the citizen ” and that whatever doubt exists should be resolved in favor of the taxpayer. We have no quarrel with these maxims but hold that they are not applicable here.
The pro forma order dated and filed October 27, 1959 assessing the tax at $997.46 is hereby reversed and an amended order fixing the tax in the sum of $1,046.20, in accordance with the contention of the State Tax -Commission, is hereby directed to be submitted for approval and filing. Proceed accordingly.