Irving L. Levey, J.
This is an action for declaratory judgment wherein plaintiff seeks summary judgment declaring sections 146-4.0 and 146-6.0 of the Administrative Code of the City of New York illegal and unconstitutional insofar as they authorize the imposition of a real property transfer tax on plaintiff as grantee of real property from the United States of America.
On October 30, 1959, plaintiff purchased from the United States of America approximately 98 acres of property located in Queens, New York, for a price of $6,016,000, of which $1,203,000 was paid in cash and the balance by a purchase-money note and mortgage. The plaintiff received a deed from the United States of America under the authority of the Federal Property and Administrative Services Act of 1949 (63 U. S. Stat. 377).
Defendant, City of New York, now seeks to tax the plaintiff on this transaction under the aforesaid section 146-6.0, which provides as follows: “Exemptions — a. The following shall be exempt from the payment of the tax imposed by this title and from filing a return: * * * 2. the United States of America. Provided, however, that the exemption of such governmental bodies or persons shall not relieve -a grantee from them of liability for the tax or from filing a return.”
Plaintiff contends, inter alia, that the city, in attempting to tax this transaction, acted in contravention of and in violation of the explicit terms of the Enabling Act (L. 1934, ch. 873, as amd.), which exempts a “ transaction .by or with” the United States from taxation.
*462 The latter represents an acknowledgment of the doctrine of constitutional immunity with respect to the United States, firmly established in McCulloch v. Maryland (4 Wheat. [17 U. S.] 316 and Kern-Limerick v. Scurloch (347 U. S. 110).
The phrase in the Enabling Act ‘ ‘ insofar as it is immune from taxation” does little but render the section somewhat ambiguous in which event, the net effect is to construe the tax law against the taxing authority (Matter of Good Humor Corp. v. McGoldrick, 289 N. Y. 452; American Locker Co. v. City of New York, 308 N. Y. 264; Matter of Mergentime, 129 App. Div. 367, affd. 195 N. Y. 572).
Surely, if the New York Legislature intended to subject grantees to taxes in connection with transactions involving the United States it could have made its legislative intent clear, in unequivocal language.
Accordingly, I have concluded that the local tax law assessing a transfer tax on the grantee in a conveyance from the United States is in contravention of the tax enabling legislation of New York State.
In view of this conclusion, the other contentions of plaintiff raised on this motion become academic. Plaintiff’s motion for summary judgment is granted.