OPINION OF THE COURT
Thomas W. Keegan, J.
This is a motion by the plaintiffs, Compass Adjusters & Investigators, Inc., and Compass Investigators & Adjusters, Inc., for an order granting summary judgment to the plaintiffs pursuant to CPLR 3212, declaring that Tax Law § 1105 (c) (8) does not apply to services rendered as an "independent adjuster” as defined by Insurance Law § 2101 (g) (1), and a cross motion for an order dismissing the complaint and directing summary judgment in favor of the defendant, on the grounds, inter alia, that there are no triable issues of fact.
Plaintiff corporations are engaged in rendering services as both licensed private investigators and as licensed independent adjusters, who "receive assignments from insurance companies and their lawyers concerning automobile * * * and slip-and-fall accidents.” An "independent adjuster” is defined in section 2101 (g) (1) of the Insurance Law as a person, or firm, acting "on behalf of an insurer in the work of investigating and adjusting claims arising under insurance contracts”. Typically, these services include verifying information and adjusting claims by interviewing the claimant, photographing and diagraming the scene, interviewing others associated with the claim, and appraising damages.
The issue before this court is the applicability of the June 1, 1990 amendment (L 1990, ch 190) to Tax Law § 1105, which rendered protective and detective services subject to New York State and local sales and use tax, to the services provided by the plaintiff corporations as independent adjusters. Section 1105 (c) (8), in pertinent part, reads as follows:
"On or after June first, nineteen hundred seventy-one, there is hereby imposed and there shall be paid a tax of four percent upon: * * *
*140 "The receipts from every sale, except for resale, of the following services: * * *
"Protective and detective services, including, but not limited to, all services provided by or through alarm or protective systems of every nature, including, but not limited to, protection against burglary, theft, fire, water damage or any malfunction of industrial processes or any other malfunction of or damage to property or injury to persons, detective agencies, armored car services and guard, patrol and watchman services of every nature.”
Plaintiff corporations, while conceding that the portion of their business attributable to licensed private investigation services is subject to the sales tax imposed by section 1105 (c) (8), assert that services performed as independent adjusters licensed under article 21 of the Insurance Law are separate and distinct, and that such services are not "detective” in nature.
Defendant contends, inter alia, that plaintiffs have failed to exhaust their administrative remedies, that sales tax applies to transactions and is not dependent upon the title or occupation of the person performing the services, and that the services provided by the plaintiffs are investigative within the meaning of section 1105 (c) (8) of the Tax Law.
 Initially, the court finds that because plaintiffs are challenging the applicability of Tax Law § 1105 (c) (8), declaratory relief is appropriate, and (contrary to defendant’s contention) plaintiffs are not obligated to exhaust their administrative remedies. Nor is the present controversy, which stems from the issuance of a nonbinding advisory opinion by the defendant, unripe for judicial review. Plaintiffs are currently collecting and remitting taxes on their services performed as independent adjusters. (Two Twenty E. Ltd. Partnership v New York State Dept. of Taxation & Fin., 185 AD2d 202.)
Basically, the present controversy involves the "plain meaning” of the term "detective services” as used in the statute. When the language of a law, as here, is subject to various interpretations, the intention of the Legislature must be explored. Generally, when interpreting a statute, the legislative intent is to be determined by considering the language used in "its most natural and obvious sense.” (McKinney’s Cons Law of NY, Book 1, Statutes § 232.) Although, the Legislature has not defined "detective services”, the New York State Depart *141 ment of Taxation and Finance, Technical Service Bureau, responded to plaintiffs’ request for a legal opinion on the applicability of section 1105 (c) (8) to the services provided by independent adjusters, by paraphrasing section 71 of the General Business Law, which defines the term and business of "private investigator”, and on that basis and plaintiffs’ description of services performed, found such services "investigative”, and therefore subject to sales tax. Interestingly, this same statute specifically excludes "persons engaged in the business of adjusters for insurance companies.” (General Business Law § 71 [1].)
While defendant urges that the status of licensed independent adjusters under the General Business Law is irrelevant because it is the nature of the services provided not the status of the provider that is determinative, this court is not convinced that the interpretation of section 1105 (c) (8) "or its application involves knowledge or understanding of underlying operational practices.” (Matter of New York Life Ins. Co. v State Tax Commn., 80 AD2d 675, 676.)
As a general rule, tax statutes are to be strictly construed, and should not be extended by implication. (McKinney’s Cons Laws of NY, Book 1, Statutes § 313 [b].) Clearly, "[a]ny tax, whether on sales or real property, must be authorized by statute.” (Matter of American Cablevision v Jacobs, 101 AD2d 65, 67.) In the absence of statutory definition, this court would not interpret, nor does it believe the ordinary person would interpret, the phrase "detective services” as used in the context of subdivision (c) (8), to include the services of an independent adjuster. (See, New York State Cable Tel. Assn. v State Tax Commn., 59 AD2d 81, 83; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 313 [a].)
Given the above, and mindful that a statute which levies a tax is to be construed most strongly against the taxing authority and in favor of the taxpayer (Matter of SIN, Inc. v Department of Fin., 126 AD2d 339, 343, affd 71 NY2d 616; McKinney’s Cons Laws of NY, Book 1, Statutes § 313 [c]) the court grants summary judgment to the plaintiffs, and declares the services provided by licensed independent adjusters are not subject to sales tax under Tax Law § 1105 (c) (8). Accordingly, defendant’s cross motion is denied.